UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
A&N DESIGN STUDIO d/b/a DOOR3 BUSINESS
APPLICATIONS,
                Plaintiff,

-against-                          **VERIFIED COMPLAINT**

MARSHAL ROSENBERG,

                Defendant.
------------------------------------------------------------------X

       Plaintiff A&N Design Studio d/b/a/ DOOR3 Business Applications ("DOOR3" or "Plaintiff") alleges against Defendant Marshal Rosenberg ("Defendant" or "Rosenberg") as follows:

## PRELIMINARY STATEMENT

       1.     This is an action under the Copyright Act, 17 U.S.C. § 101 *et seq*. for a declaratory judgment [or ownership of software] and tortious interference with contract occasioned by Rosenberg's wrongful filing of an action in this Court in (1) making false infringement claims against for DOOR3's copyrighted software and (2) seeking damages from DOOR3's client, non-party Metropolis Group, Inc. ("Metropolis").

       2.     On or around June 1, 2018, Rosenberg filed an infringement action captioned *Marshal Rosenberg v. Metropolis Group, Inc., John Does 1-10, Jane Does 1-10 And XYZ Companies 1-10.* (18-cv-04830) (AKH) concerning his 2003 computer code against Metropolis for utilizing DOOR3's copyrighted code. Rosenberg did so knowing that he had no rights in DOOR3's copyrighted code. Indeed, Rosenberg denied DOOR3's offer to review its code and compare it against his 2003 code after Rosenberg asserted a claim in writing against DOOR3. Instead, Rosenberg filed an entirely frivolous action against DOOR3's client, Metropolis. Rosenberg did so with an intent to cause harm to DOOR3, knowing that its claims were

frivolous. As a result, DOOR3 has incurred substantial legal fees and Metropolis has demanded indemnification as well as arbitration against DOOR3 presenting an active case or controversy warranting relief from the Court including statutory damages, costs and attorneys' fees under the Copyright Act.

3. As this dispute pertains to a copyright ownership and infringement, the Court has jurisdiction.

## PARTIES

4. DOOR3 is a foreign business entity with a principal place of business at 22 Cortland Street, Suite 1101, New York, New York 10007.

5. Rosenberg is an individual with an address of 220 West 98th St., Apt. 3F, New York, New York 10025-5669.

## VENUE AND JURISDICTION

6. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C §§ 1331, 1338(b).

7. The Court has personal jurisdiction over the parties and venue is proper in this district as the parties are located in this district and the facts underlying DOOR3's claims took place in this district.  28 U.S.C §§ 1391, 1400.

8. Supplemental jurisdiction over DOOR3's state law claim is appropriate pursuant to 28 U.S.C. § 1367.

## FACTS

9. DOOR3 entered into a Master Services Agreement and associated Scope of Work ("MSA") with Metropolis pursuant to which DOOR3 successfully upgraded Metropolis' website

by, *inter alia,* creating a new computer program that is the subject of a valid and existing United States Copyright.  A copy of the MSA is annexed hereto as **EXHIBIT A.**

10. DOOR3 is the author and owner of the relevant program, Met Pro v. 1.3.16.11 (the "DOOR3 Code"), which was completed in 2017.  The Copyright Certificate, TXu 2-094-061 for the DOOR3 Code (the "Copyright"), has an effective date of registration of April 13, 2018 ("Effective Date").  A true and correct copy is annexed as **EXHIBIT B.**

11. On June 1, 2018 – after the Effective Date – Rosenberg filed a complaint against Metropolis captioned *Rosenberg v. Metropolis, Inc.* (18-CV-4830) (AKH) (the "Metropolis Action").  This action is being filed as a related case.  A copy of the Complaint with Exhibits 1-6 in the Metropolis Action is annexed as **EXHIBIT C.**

12. Generally, the Metropolis Action concerns allegations that the DOOR3 Code infringed on Rosenberg's 2003 software known as "Metropolis – Metro.exe" (the "Rosenberg Code") and that the infringement happened when Metropolis hired DOOR3.  (E.g. Ex. B at ¶¶ 42-43).

13. However, the Metropolis Action Complaint does not name DOOR3 as a defendant but does include John Doe defendants. As explained below, Rosenberg falsely claimed DOOR3 was a "JOHN DOE" even though Rosenberg's counsel knew DOOR3's identity.

14. Prior to the filing of the Metropolis Action, on February 16, 2018, counsel for Rosenberg wrote to DOOR3 claiming that the DOOR3 Code appeared to have "copied" or otherwise infringed on Rosenberg's rights in the Rosenberg Code, threatening litigation against DOOR3 and requesting broad pre-action discovery from DOOR3.  A copy of the letter is annexed as **EXHIBIT D**.

15. As conceded in the Metropolitan Action Complaint, counsel for DOOR3 invited counsel for Rosenberg to view the source code of the DOOR3 Code in order to compare it to the Rosenberg Code. (Ex. C at ¶ 43). A copy of the emails dated from March 13, 2018 to April 5, 2018 are annexed as **EXHIBIT E**.

16. However, Rosenberg's counsel elected not to inspect the source code on the basis that the exercise would be "unproductive." (Ex. C at ¶ 44, Ex. E at 1-2).

17. Instead, Rosenberg's counsel demanded broad discovery and other information that DOOR3 is under no obligation to provide. (Ex. E at 1-2).

18. In reply, DOOR3's counsel expressly informed Rosenberg's counsel that the failure to investigate Rosenberg's claim was a potential violation of Fed. R. Civ. P. 11. Additionally, DOOR3's counsel undertook to provide any additional evidence Rosenberg's counsel might require, subject to Rosenberg covering legal fees. Rosenberg's counsel unreasonably refused this offer. (Ex. E at 1).

19. Following discussions between counsel for Rosenberg and DOOR3, Rosenberg filed the Metropolis Action without naming DOOR3 as a party despite actual knowledge that DOOR3 provided Metropolis with the DOOR3 Cod and despite his failure to review the DOOR3 Code and compare it with the Rosenberg Code.

20. As a result of the Metropolis Action, Metropolis has sought indemnification from and arbitration against DOOR3.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### DECLARATORY JUDGMENT
### OWNERSHIP OF THE DOOR3 CODE

21. DOOR3 repeats each of the foregoing allegations as if fully set forth herein.

22. 28 U.S.C. § 2201 authorizes the Court to issue a declaratory judgment in "a case of actual controversy within its jurisdiction. . ."

23. The DOOR3 Code is the subject of a valid and existing Copyright owned by DOOR3. *See* Ex. B.

24. The Copyright Act, 17. U.S.C. § 101 *et seq.,* provides a copyright owner with certain exclusive rights.

25. DOOR3's Copyright Certificate was issued within five years of the date of authorship and is thus *prima facie* evidence of ownership.

26. Federal courts have jurisdiction over copyright related claims.

27. Rosenberg has claimed a right to the DOOR3 Code in his counsel's correspondence claiming copyright infringement to DOOR3 and in the Metropolis Action.

28. Rosenberg did not create, participate in the development of or have any input in the creation of the DOOR3 Code.

29. Rosenberg's actions have falsely cast doubt on the ownership of the DOOR3 Code which is the subject of the Metropolitan Action and Rosenberg's written claims against DOOR3.

30. The foregoing presents a live controversy.

31. As this case arises under the Copyright Act, the Court may award damages, costs and fees to the prevailing party pursuant to 17 U.S.C. §§ 504, 505.

32. Accordingly, the Court should issue a declaratory judgment that DOOR3 owns the DOOR3 Code Copyright and award DOOR3 its costs and fees.

## SECOND CAUSE OF ACTION
## DECLARATORY JUDGMENT
## NON-INFRINGMENT OF THE ROSENBERG CODE

33. DOOR3 repeats each of the foregoing allegations as if fully set forth herein.

34. 28 U.S.C. § 2201 authorizes the Court to issue a declaratory judgment in "a case of actual controversy within its jurisdiction. . ."

35. The Copyright Act, 17. U.S.C. § 101 *et seq.,* provides a copyright owner with certain exclusive rights.

36. Federal courts have jurisdiction over copyright-related claims.

37. The DOOR3 Code was independently created by DOOR3 and subject of the valid and existing DOOR3 Code Copyright.

38. The DOOR3 Code has an authorship separate and distinct from the Rosenberg Code and contains no copyrightable elements of the Rosenberg Code.

39. DOOR3's programmers did not have access to Rosenberg's code, and thus could not have copied it.

40. Even if the DOOR3 Code performs similar functions to the Rosenberg Code, a purely functional idea is not subject to copyright protection. 17 U.S.C. § 117.

41. The DOOR3 Code assures inter-operability of other Metropolis software programs: To the extent the DOOR3 Code resembles the Rosenberg Code, such similarities are functional and not protectable.

42. As the DOOR3 Code was designed to achieve inter-operability, it is expressly protected by the Copyright Act, 17 U.S.C.A. § 1201(f), which permits for reverse engineering.

Again, the DOOR3 code is distinct from and not a copy of the Rosenberg Code, a fact that would have been known to Rosenberg save for his counsel's willful failure to investigate his claim.

43. Despite his failure to investigate his claim, Rosenberg has represented in writing to DOOR3 and in the Metropolis Action Complaint that the DOOR3 Code infringes on the Rosenberg Code thus casting a cloud on DOOR3's and its client's rights in the DOOR3 Code.

44. The foregoing presents an actual case or controversy.

45. As this case arises under the Copyright Act, the Court may award costs and fees pursuant to 17 U.S.C. §§ 504, 505.

46. The DOOR3 Code is not a copy of the Rosenberg Code.

47. Accordingly, the Court should issue a judgment declaring that the DOOR3 Code does not infringe on the Rosenberg Code.

### THIRD CAUSE OF ACTION
### TORTIOUS INTERFERENCE WITH CONTRACT

48. DOOR3 repeats each of the foregoing allegations as if fully set forth herein.

49. The MSA is a valid contract between DOOR3 and Metropolis.

50. The Metropolis Action Complaint makes clear that Rosenberg knew of the valid contractual relationship between Metropolis and DOOR3.

51. Rosenberg wrongfully claimed ownership in the DOOR3 Code without justification to cause Metropolis to allege that DOOR3 had breached the MSA.

52. Metropolis invoked MSA resulting in damages to DOOR3.

53. Accordingly, Rosenberg has committed tortious interference with contract.

**WHEREFORE,** DOOR3 demands judgment against Rosenberg as follows:

**A.** A declaration that DOOR3 owns a valid copyright in the DOOR3 Code;

**B.** A declaration that the DOOR3 Code does not infringe upon the Rosenberg Code;

**C.** A judgment against Rosenberg for tortious interference with the MSA in an amount to be determined at trial;

**D.** An award of damages, costs and fees, including reasonable attorneys' fees, incurred in this action pursuant to, *inter alia,* 17 U.S.C. § 504 and § 505, Fed. R. Civ. P. 11; and

**E.** Any other relief deemed just proper and equitable.


Dated: New York, New York
       December 4, 2018

                                           DUNNINGTON BARTHOLOW & MILLER LLP
                                           *Attorneys for Plaintiff DOOR3*

                                      By:  s/Samuel A. Blaustein
                                              Raymond J. Dowd
                                              Samuel A. Blaustein
                                              250 Park Avenue, Suite 1102
                                              New York, New York 10177
                                              (212) 682-8811
                                              rdowd@dunnington.com
                                              sblaustein@dunnington.com

## **VERIFICATION**

STATE OF NEW YORK        )
                        ) SS.:
COUNTY OF NEW YORK   )

    I, James Raddock, declare subject to the penalties of perjury under the laws of the United States of America, that the foregoing Complaint is true and correct, except where alleged upon information and belief, and with respect to those allegations, I believe them to be true.

    I further declare that the reason that this verification if being submitted on behalf of DOOR3 by the undersigned is because I am the Chief Operating Officer & Chief Financial Officer of DOOR3, a corporate entity.

_____
JAMES RADDOCK

SWORN TO ME THIS 4th
DAY OF DECEMBER 2018

_____
NOTARY PUBLIC

Jennifer M. Britton
Notary Public, State of New York
No 01BR6164418
Qualified in Richmond County
Commission Expires April 23, 2019